UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK GRAHAM, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:22-cv-00070-JDL |
| ) | |
| CAPTAIN JOHN COSTELLO, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION AFTER
REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff, currently an inmate at the Maine State Prison, alleges Defendants[1] failed to provide him with proper medical treatment and appropriate conditions of confinement while he was a pretrial detainee in the Segregation Housing Unit (SHU) at the Cumberland County Jail.

After a review pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint. I also recommend the Court require Plaintiff to obtain leave of Court before he can make any further filings with this court.

**BACKGROUND**

Plaintiff claims Defendants coordinated, and continue to coordinate, with Los Angeles county officials to drug Plaintiff's food, water, and milk, and to contaminate the water supply to the Cumberland County Jail (CCJ) and the Maine State Prison (MSP).

---

[1] The named Defendants are John Costello and Kevin Joyce of the Cumberland County Sheriff's Office, Armor Correctional Healthcare Services, Inc., Edith Woodward, and Elena Usova.

(Complaint ¶¶ 29, 30, 31, 33, 35, 72, 41, 43, 45-47, ECF No. 1.)   Plaintiff also asserts his conditions of confinement were constitutionally deficient, citing the lack of various personal hygiene and safety necessities. (*Id.* ¶ 71.)  Plaintiff further claims Defendants placed him in the SHU against his will, ignored his sick call requests, and failed to provide him mental health and medical services. (*Id.* ¶¶ 35-38, 42.)  He alleges the same problems and conditions are occurring at MSP. (*Id.* ¶¶ 40, 72.)

Plaintiff's complaint is the third action he has initiated alleging the same or similar allegations regarding the conditions of his confinement at the CCJ (and now MSP). Plaintiff filed a petition for writ of habeas corpus on September 1, 2020, 2:20-cv-00315-JDL (Habeas Petition), a civil action on September 9, 2021, 2:21-cv-00258-JDL (2021 Action), and the present matter on March 14, 2022.  The Court dismissed the Habeas Petition on December 29, 2020 (Judgment, 2:20-cv-00315-JDL, ECF No. 16), and dismissed the 2021 Action on January 21, 2022 (Judgment of Dismissal, 2:21-cv-00258-JDL, ECF No. 30).  In its order denying Plaintiff's request for immediate injunctive relief in the 2021 Action, the Court issued a warning to Plaintiff, in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35-36 (1st Cir. 1993), that "[a]ny further frivolous filings by [him], in this docket or in a new case, may result in an immediate order restricting his ability to file documents with the Court." (Order at 2, 2:21-cv-00258-JDL, ECF No. 18.)  The Court issued the *Cok* warning in the 2021 Action after Plaintiff filed

eight objections to a recommended decision.² (*Id.* at 1; *see also* 2:21-cv-00258-JDL, ECF Nos. 7, 9, 11, 12, 13, 15, 16, 17.)

In the current action, Plaintiff has filed two motions for a temporary restraining order and preliminary injunction, a motion to transfer all documents from the 2021 Action to the docket in this case, and a motion to include attachment of papers, as well as two motions for service by alternate means. (*See* ECF Nos. 4, 5, 6, 7, 9, 11.)

## LEGAL STANDARD

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint

---

² The Court recently reminded Plaintiff of the warning. (Order, 2:21-cv-00258-JDL, ECF No. 37.)

'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

This Court has already determined that Plaintiff's "claim regarding a nationwide conspiracy to harass and abuse [Plaintiff], including by altering the water at the jail … is not plausible." *Graham v. Maine*, 2:20-cv-00315-JDL, 2020 WL 6811492, at *2 n.2 (D. Me. Oct. 5, 2020) (*aff'd*, Dec. 29, 2020). *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

The remainder of Plaintiff's complaint could be construed as an attempt to assert a federal claim pursuant to 42 U.S.C. § 1983 for a violation of a constitutional right. The Eighth Amendment prohibition on cruel and usual punishments governs prisoners' treatment. "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted). To establish constitutional liability, a plaintiff must satisfy an objective standard by showing he or she was "incarcerated under conditions posing a substantial risk of

serious harm," and a plaintiff must satisfy a subjective standard by showing that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834).

The objective standard evaluates the seriousness of the risk of harm. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Plaintiff asserts his claims against a number of individual defendants, but to state a plausible claim for relief against each individual defendant, the allegations, if true, must support a finding that the individual, through his or her individual actions, violated Plaintiffs' rights. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009). In other words, each defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant. Plaintiff has not described any relevant conduct of Defendants Costello, Joyce, Woodward, and Usova beyond the conclusory allegation

5

that they knew "what was going on." (Complaint ¶ 42.) Such an allegation is "not entitled to the assumption of truth," *id.* at 680, and without further facts to support a plausible inference that they had the requisite knowledge or involvement, Plaintiff has not asserted an actionable claim against them.

Plaintiff's assertion that the mental health and medical care were inadequate is also insufficient to sustain a deliberate indifference claim without more factual support. *See Miranda v. Munoz*, 770 F.2d 255, 259 (1st Cir. 1985) ("[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments") (quotations and modifications omitted); *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (courts "disregard conclusory allegations that merely parrot the relevant legal standard" when assessing whether a plaintiff has stated a plausible claim).[3]

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

---

[3] To the extent Plaintiff alleges a state law negligence (medical malpractice) claim against Defendants Armor Correctional Healthcare Services, Inc., Woodward and/or Usova, the Court lacks jurisdiction over the matter. The Court's federal question jurisdiction under 28 U.S.C. § 1331 s not applicable, and Plaintiff has also failed to allege any facts to support a claim within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

I also recommend the Court require Plaintiff to file a motion for leave to file any other document with the Court, except for an objection to this Recommended Decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of March, 2022.